## STATE v. NICKELS.

1. LIQUORS—DEMURRER.—Whether liquors are contraband, depend on the purpose for which it is taken into possession, and there being some evidence here tending to show that the liquors were in possession of defendant for an unlawful purpose, and that it was to be stored and kept in possession by him for delivery to others, demurrer to evidence at close of State's case properly overruled.

2. CHARGE.—If it be error to state to jury in charge an admitted fact, it is not prejudicial.

3. REHEARING refused.

Before GARY, J., Greenwood, March term, 1902. Affirmed.

Indictment against J. Allen Nickels for violation of dispensary law. From judgment and sentence, defendant appeals.

*Messrs. Sheppard & Grier,* for appellant. *Mr. Grier* cites: *Court may direct a verdict:* 7 Blatchf., 177; 19 Ala., 161; 28 Ia., 565; 18 N. Y., 179; 49 N. Y., 137; 6 Ency. P. & P., p. 690, n. 1; Code of Proc., 287. *As to storing and keeping in possession:* 63 S. C., 103.

*Mr. Wm. McGowan,* contra (oral argument).

February 9, 1903. The opinion of the Court was delivered by

MR. JUSTICE GARY. The defendant was convicted under the following indictment: "VI. And the jurors aforesaid, upon oath aforesaid, do further present that the said Allen J. Nickles, on the 9th day of February, in the year of our Lord one thousand nine hundred and two, at Greenwood Court House, in the county and State aforesaid, wilfully and unlawfully did store and keep in possession contraband spirituous liquors, malt liquors and brewed liquors containing alcohol and used as a beverage, against the form of the statute in such case made and provided, and against the peace and dignity of the same State aforesaid."

At the close of the testimony in behalf of the State, the defendant interposed a demurrer to the evidence, and moved the Court to direct a verdict on the following grounds: "Mr. Grier: I wish to interpose a demurrer to the evidence, and move the Court to direct a verdict in favor of defendant. The count of the indictment against unlawful receipt and acceptance of contraband liquors having been stricken out, the only count remaining is storing and keeping in possession. Defendant is charged with unlawful storing and

keeping in possession contraband liquors, malt liquors. That is the indictment as it now stands. I submit that there is no testimony here showing that any law of this State has been violated or any crime committed under the law. There is no testimony going to establish the crime of storing and keeping in possession. The testimony here shows that there was a barrel marked J. A. Nickles, with four gallons of whiskey in it in jugs, and names on them for different people. It is further testified that the freight department gave him notice that there was freight there for him—crockery ware, and he sent for it and they delivered it to a regular drayman and in the usual way and regular course of business, and that the drayman delivered it to him in the usual way and course of business. That it had only been in his store for a few moments when the policeman came and asked him about it; that he did not try to conceal it, but told him to take it out and do his duty, that it was not his liquor. I submit that the evidence here for the State fails to make out any case at all, and certainly the case charged in the indictment. I submit that there is no law in this State against what the testimony here shows. I wish to make this motion here before we go any further."

In overruling the demurrer, his Honor, the Circuit Judge, said: "The Constitution, art. V., section 26, provides that Judges shall not charge the jury on matters of fact, but shall declare the law. Your remedy would be a motion to arrest judgment."

The appellant's first exception is as follows: "I. It was error in his Honor to refuse to direct a verdict in favor of defendant on his motion in that behalf, because: (a) The testimony did not tend to make out the offense charged, to wit: storing and keeping in possession contraband liquors—all of the State's testimony showing that the same had just a few moments prior to the time of seizure been delivered to defendant by a drayman in the course of business; that it was an interstate shipment; that the defendant had not even seen the package before it

was delivered to him; that he was notified by the depot agent that it was a package of crockery ware; that no other liquors were found on his place of business then or at any other time; the said testimony lacking every material element to establish any storing and keeping in possession.    (b)  The testimony at most shows only an occurrence, simply a mere having in possession for a few moments only, and then under circumstances which entirely negative the idea of storing and keeping in possession, as contemplated by the statute in such cases.    (c)  The demurrer to the evidence and motion presented purely a question of law, and his Honor should have passed upon the same, sustained the demurrer and directed a verdict for defendant, for the reason set out in (a) and (b) above."

We will first consider assignment of error "a."   J. B. Riley, a witness for the State, who found the liquor, testified as follows: "Q. What did you find?   Why did you go there?   A. Well, I was standing in the street near Mr. Nickels' store, and smelt some corn whiskey very strong, early in the morning; the dew had not dried off, and I looked around to see if somebody had dropped any; but I looked about and seen where something had been leaking across the street—a stream across the street; and several of us got to talking about it, and I walked out and picked up some of the wet sand and found out that it was whiskey.   I traced it down the street, and found that it went to Mr. Nickels' store.   Q. How far was it from Mr. Nickels' store?   A. I think about forty yards.   I went to his store and found that it went dripping into it, and I said: 'I want to see that package the drayman put in here just now;' and he said, 'It is behind the counter;' and I walked around and pulled the barrel out and saw no mark.   I told him that I was satisfied that it was whiskey, and he said, 'All right, do your duty.' I tried to get it out between the counter, but I couldn't get it out, and asked him to help me, and he said, 'Certainly, I will help you take it out;' and we took it out and got a dray and got it to the express office, where we opened it and examined

it and found four three-gallon jugs marked to different men.
Q. Who were they marked to? A. J. W. Phife, R. A. Calhoun, A. J. Langley, T. N. Smith. Q. How many jugs
were there? A. Four. Q. How much whiskey in them?
A. All of them seemed to be full except one that had the
mouth broken. Q. What became of the whiskey? A. The
State constable sent it to the State dispensary. Q. Was that
in this county and State? A. Yes, sir. Q. As I understand it, there were four jugs there in that barrel? A. Yes,
sir. Q. Sugar barrel? A. Yes, sir; sugar barrel." He
also testified that he had previously raided the defendant's
store, but found no whiskey.

Ferry Wood, a witness for the State, testified as follows:
"Q. What do you do here in town? A. Dray. * * * Q. Do
you remember when this matter took place about this whiskey? A. Yes, sir. Q. What did you do that morning?
A. I did as Mr. Nickels ordered me. Q. Tell us about it?
A. I being around the Southern depot, and he was hunting
for a dray to carry a barrel of crockery to his store, and I
being there, he got me and gave me the money to pay the
freight on it and bring it to his store, and he told me to bring
it in a hurry. * * * Q. Who paid you for the drayage? A.
Mr. Nickels. Q. Before you delivered it or not? A. After
it was delivered. * * * Q. What, if anything, did Mr. Nickels
say to you when he smelt the liquor? A. When I said to
him what it was, he said set it over here. It is something
good." All the persons whose names were marked on the
jugs testified that they had not ordered the whiskey through
the defendant, and knew nothing about it. The question
whether the liquor was contraband depended upon the purpose with which the defendant took it into his possession.
All the testimony tended to show that it was not for the
defendant's personal use. There was at least some testimony
from which the jury had the right to infer that the defendant
took possession of the liquor for an unlawful purpose. This
question was, therefore, properly submitted to the jury for
its determination. The fact that the barrel contained jugs

of whiskey addressed to various persons tended to show that "storing and keeping in possession" would be necessary before the jugs could be distributed. But even if it should be contended that the jugs were not to be distributed, the testimony would nevertheless tend to show that the liquor was intended to remain in the hands of the defendant a sufficient length of time to constitute a "storing and keeping in possession," if the jury believed it was held for an unlawful purpose.

Assignments of error "b" and "c" are disposed of by what has just been said.

The second exception is as follows: "2. It was error in his Honor to charge the jury as follows: 'If he did have it there for an unlawful purpose, that would be a violation of law,' the error being: (a) It is not sufficient to make out the crime of storing and keeping in possession to show simply that defendant had liquor in his possession for an unlawful purpose—the purpose has nothing to do with this particular offense. (b) Something more than merely having in possession is necessary, in order to make out the offense of storing and keeping in possession, and his Honor was in error in instructing the jury so specifically, that if he had the liquor in possession for an unlawful purpose they should convict. (c) The jury were not instructed at all as to the crime for which defendant was tried, but were instructed to convict if they found that defendant had the liquor in his possession for an unlawful purpose, an entirely different offense, if, indeed, it be any offense at all, from that charged against him. (d) The mere having in possession of liquor for an unlawful purpose is not an offense against any law of this State, and is not an offense for which any one can be convicted under the law."

Section 555 of the Criminal Code provides that: "The manufacture, sale, barter or exchange, receipt or acceptance, for unlawful use, delivery, storing and keeping in possession within this State, of any spirituous, malt, vinous, fermented, brewed (whether lager or rice beer) or other liquors, any

compound or mixture thereof, by whatever name called or known, which contains alcohol and is used as a beverage, except as hereafter provided, is hereby prohibited." His Honor charged the jury as follows: "The only count upon which conviction is asked in this cause is on the second count, and you will consider that you are dealing with that count only; which is, that the defendant at the bar had liquor stored on his premises for unlawful purposes. If he did have it there for an unlawful purpose, that would be a violation of the law. That is a question of fact that comes up for your consideration; for what purpose was the liquor in his store? Was it there by accident? If so, the law would not hold him responsible; but if he had it there for an unlawful purpose— and you know what an unlawful purpose is—then it would be a violation of the law, and it would be your duty to say 'guilty,' if those are the facts. If you are not satisfied beyond a reasonable doubt that he had the liquor for an unlawful purpose, he would be entitled to an acquittal at your hands. There is no law in the case at all. It is purely a question of fact for the jury. It is not denied that the liquor was in the store of the defendant, and the only question is for what purpose was it there. Take the record and find your verdict." As hereinbefore stated, the question in this case whether the liquor was contraband depended upon the purpose with which the defendant took it into his possession. It was contraband, if he took it into his possession for an unlawful purpose, and this was the main issue in the case. The exception is, therefore, overruled.

The third exception is as follows: "3. It was error in his Honor to charge the jury as follows: 'If he did have it there for an unlawful purpose, that would be a violation of the law. That is a question of fact that comes up for your consideration, for what purpose was that liquor in his store? Was it there by accident? If so, the law would not hold him responsible; but if he had it there for an unlawful purpose— and you know what an unlawful purpose is—then it would be a violation of the law, and it would be your duty to say

"guilty"—if those are the facts.' The error being: (a) In instructing the jury that to find the defendant guilty of storing and keeping in possession, it was only necessary to determine, first, that defendant had liquor in his possession; and second, had it in possession for an unlawful purpose—such an instruction being wholly incorrect, in that the mere having it in possession is not sufficient; but there must be evidence to show the laying away for future use and habitually having in possession, some testimony showing or tending to show the idea of continuity or habit. (b) The matter of purpose does not at all enter into the crime charged in the indictment, and this was the only fact that his Honor left to the jury to decide, instructing them to convict if they found defendant had liquor in his possession for an unlawful purpose. (c) In taking from the jury all questions of fact and all questions involved in the offense for which defendant was on trial, and limiting the investigation of the jury to one single question which was in no way involved, to wit: a question of purpose. (d) In charging on the facts, in violation of the Constitution, sec. 26, prohibiting Judges from charging on the facts of the case, by saying to the jury, 'for what purpose was that liquor in his store;' thus stating to the jury as a fact that the liquor was in his store. (e) In charging on the facts, saying, was it there by accident? and at the same time thereby incorrectly instructing the jury, since the purpose for which the liquor was there had nothing whatever to do with the offense charged. (f) In practically telling the jury that the liquor was the defendant's, that it was in his store; the same being a charge on the facts of the case, in violation of the Constitution of 1895, sec. 26, prohibiting Judges from charging on the facts."

Assignments of error "a," "b," "c," and "e" are disposed of by what has been said in considering the other exceptions.

Assignment of error "d" cannot be sustained, for the reason that the fact was not disputed that the liquor was in the store; so that even if there was error, it was not prejudicial.

Assignment of error "f" cannot be sustained, because the record does not show that the Circuit Judge charged the jury that it was defendant's liquor.

The fourth exception is as follows: "4. It was error in his Honor to charge the jury as follows: 'If you are not satisfied beyond a reasonable doubt that he had liquor there for an unlawful purpose, he would be entitled to an acquittal at your hands;' the error being: (a) In depriving the defendant of the benefit of all reasonable doubt as to his guilt of the crime charged in the indictment for which alone he was on trial. (b) In limiting the question of reasonable doubt to a matter that had nothing whatever to do with the case. (c) Charging on the facts, in telling the jury that 'he had the liquor there.'" This exception is disposed of by what has already been said.

The fifth exception is as follows: "5. It was error in his Honor to charge the jury as follows: 'there is no law in this case at all. It is purely a question of fact for the jury. It is not denied that the liquor was in the store of the defendant, and the only question is for what purpose was it there.' The error being: (a) There was really no question of fact in the case, it being almost entirely a pure question of law as to whether the facts as found in the record made out any offense against the laws of this State. (b) In charging on the facts, in violation of the Constitution of this State, sec. 26, which prohibits Judges from charging on the facts of the case by stating to the jury that it was not denied that the liquor was in defendant's store, and the only question was, for what purpose was it there? (c) In telling the jury that it was defendant's liquor, in effect, when the defendant's plea was not guilty, and his whole testimony was to the effect that he did not know whose liquor it was. (d) In instructing the jury that if the liquor was in defendant's store, and that this was not denied, there would then be but one question—for what purpose was it there—thus making defendant guilty if the liquor was found to be in his store for an unlawful purpose, although it might not be defendant's or he have anything to

12—65

do with its being there." This exception is likewise disposed of by what has been said.

The sixth exception is as follows: "6. It was error in his Honor to refuse the motion for a new trial and in arrest of judgment on the grounds submitted in that behalf, the error being: (a) The testimony did not even tend to establish the offense charged, there being no testimony at all tending to show any idea of continuity or habit, an essential element of the said defense. (b) All that the testimony showed was that the package of liquor had been delivered but a few moments by a drayman in the usual course of business, and this is wholly insufficient to make out the offense for which defendant was tried. (c) The verdict of guilty on second count is unsupported by the record, there being no second count at all. (d) The entire record in the case shows clearly and beyond any question that the defendant was not guilty of the offense for which he was tried, and as a matter of law there was nothing to support the said verdict." Assignment of error "c" was withdrawn, and the other questions presented by this exception have been disposed of.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

3　　　Petition for rehearing was dismissed by formal order filed February 16, 1903.